1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    ISAISH MCGEE,                              Case No.  1:23-cv-01523-HBK (PC)

12              Plaintiff,                       ORDER TO RANDOMLY ASSIGN TO
                                                 DISTRICT JUDGE
13         v.

14    G. FLORES-LOPEZ, C. REHKOPF, and           FINDINGS AND RECOMMENDATIONS TO
      A. FLORES,                                 DISMISS ACTION WITHOUT PREJUDICE[1]

15              Defendants.                       14-DAY DEADLINE

16

17

18         Plaintiff Isaish McGee is a state prisoner proceeding pro se and *in forma pauperis* in this

19    civil rights action.  For the reasons set forth below, the undersigned recommends that the District

20    Court dismiss this action without prejudice for Plaintiff's failure to comply with a court order and

21    prosecute this action.

22                                     **BACKGROUND**

23         Plaintiff initiated this action by filing a civil rights complaint under 42 U.S.C. § 1983.

24    (Doc. No. 1, "Complaint").  On December 4, 2023, pursuant to 28 U.S.C. § 1915A the Court

25    issued a screening order finding the Complaint failed to state a federal claim against any

26    Defendant.  (*See generally* Doc. No. 13).  The Court afforded Plaintiff three options to exercise

27    _____

28    [1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302
      (E.D. Cal. 2023).

1   no later than January 18, 2024:  (1) file an amended complaint; (2) file a notice that he intends to

2   stand on his Complaint subject to the undersigned recommending the district court dismiss for

3   reasons stated in the December 4, 2023 Screening Order; or (3) file a notice to voluntarily dismiss

4   this action, without prejudice, under Federal Rule of Civil Procedure 41(a)(1) because no

5   defendant had yet been served.  (*Id*. at 9-10).  Plaintiff was required to deliver his response to the

6   Court's Screening Order to correctional officials for mailing no later than January 18, 2024.  (*Id*.

7   at 10 ¶ 1).

8          The Court expressly warned Plaintiff that if he "fails to timely respond to this Court Order

9   or seek an extension of time to comply" the undersigned "will recommend that the district court

10  dismiss this case as a sanction for Plaintiff's failure to comply with a court order and prosecute

11  this action."  (*Id*. ¶ 2).  As of the date of this of these Findings and Recommendations, Plaintiff

12  has failed to submit a response to the Court's December 4, 2023 Screening Order, or request a

13  further extension of time to comply, and the time to do so has expired.  (*See* docket.)

**APPLICABLE LAW AND ANALYSIS**

15         **A.  Legal Standard**

16         Federal Rule of Civil Procedure 41(b) permits the court to involuntarily dismiss an action

17  when a litigant fails to prosecute an action or fails to comply with other Rules or with a court

18  order.  *See* Fed. R. Civ. P. 41(b); *see Applied Underwriters v. Lichtenegger*, 913 F.3d 884, 889

19  (9th Cir. 2019) (citations omitted).  Similarly, this Court's Local Rules, which correspond with

20  Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with . . .

21  any order of the Court may be grounds for the imposition by the Court of any and all sanctions

22  . . . within the inherent power of the Court."  E.D. Cal. L.R. 110.  "District courts have inherent

23  power to control their dockets" and, in exercising that power, may impose sanctions, including

24  dismissal of an action.  *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th

25  Cir. 1986).  A court may dismiss an action based on a party's failure to prosecute an action, obey

26  a court order, or comply with local rules.  *See, e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61

27  (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone*

28  *v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with

2

1  a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure

2  to prosecute and to comply with local rules).  In determining whether to dismiss an action, the

3  Court must consider the following factors: (1) the public's interest in expeditious resolution of

4  litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants;

5  (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less

6  drastic sanctions.  *Henderson*, 779 F.2d at 1423; *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir.

7  1988).

8          **B. Analysis**

9          After considering each of the above-stated factors, the undersigned concludes dismissal

10  without prejudice is warranted in this case.  As to the first factor, the expeditious resolution of

11  litigation is deemed to be in the public interest, satisfying the first factor.  *Yourish v. California*

12  *Amplifier*, 191 F.3d 983, 990-91 (9th Cir. 1999).

13          Turning to the second factor, this Court's need to efficiently manage its docket cannot be

14  overstated.  This Court has "one of the heaviest caseloads in the nation," and due to the delay in

15  filling judicial vacancies, which was further exacerbated by the COVID-19 pandemic, operates

16  under a declared judicial emergency.  *See* Amended Standing Order in Light of Ongoing Judicial

17  Emergency in the Eastern District of California.  This Court's time is better spent on its other

18  matters than needlessly consumed managing a case with a recalcitrant litigant.  The Court cannot

19  effectively manage its docket when a litigant ceases to litigate his/her case or respond to a court

20  order.  Thus, the Court finds that the second factor weighs in favor of dismissal.

21          Delays inevitably have the inherent risk that evidence will become stale or witnesses'

22  memories will fade or be unavailable and can prejudice a defendant, thereby satisfying the third

23  factor.  *See Sibron v. New York,* 392 U.S. 40, 57 (1968).  Thus, the third factor—risk of prejudice

24  to defendant—weighs in favor of dismissal since a presumption of injury arises from the

25  unreasonable delay in prosecuting an action.  *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir.

26  1976).  Because Plaintiff's inaction amounts to an unreasonable delay in prosecuting this action,

27  the third factor weighs in favor of dismissal.

28          The fourth factor usually weighs against dismissal because public policy favors the

1 disposition of cases on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002).

2 However, "this factor lends little support to a party whose responsibility it is to move a case

3 toward disposition on the merits but whose conduct impedes progress in that direction," which is

4 the case here. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217,

5 1228 (9th Cir. 2006) (citation omitted).  Indeed, "trial courts do not have time to waste on

6 multiple failures by aspiring litigants to follow the rules and requirements of our courts."

7 *Pagtalunan*, 291 F.3d at 644 (Trott, J., concurring in affirmance of district court's involuntary

8 dismissal with prejudice of habeas petition where petitioner failed to timely respond to court

9 order and noting "the weight of the docket-managing factor depends upon the size and load of the

10 docket, and those in the best position to know what that is are our beleaguered trial judges.").

11 Further, as set forth in the Screening Order, the Court already determined that the Complaint, as

12 pled, failed to state a claim, so this factor does not weigh in favor of the Plaintiff.

13 Finally, the Court's warning to a party that failure to obey the court's order will result in

14 dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262;

15 *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424.  The Court's December 4, 2023 Order

16 expressly twice warned Plaintiff that his failure to respond to the Court's Order would result in a

17 recommendation of dismissal of this action.  (Doc. 13 at 9, 10 ¶ 2).  Thus, Plaintiff had adequate

18 warning that dismissal could result from his noncompliance.  And the instant dismissal is a

19 dismissal *without* prejudice, which is a lesser sanction than a dismissal with prejudice, thereby

20 satisfying the fifth factor.

21 After considering the factors set forth *supra* and binding case law, the undersigned

22 recommends dismissal, without prejudice, under Fed. R. Civ. P. 41(b) and Local Rule 110.

23 Accordingly, it is hereby **ORDERED**:

24 The Clerk of Court randomly assign this case to a district judge for consideration of these

25 Findings and Recommendations.

26 It is further **RECOMMENDED**:

27 This action be DISMISSED *without prejudice* for Plaintiff's failure to obey court orders

28 and failure to prosecute.

1          **NOTICE**

2          These Findings and Recommendations will be submitted to the United States District

3     Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

4     of the date of service of these Findings and Recommendations, a party may file written objections

5     with the Court.  The document should be captioned, "Objections to Magistrate Judge's Findings

6     and Recommendations." A party's failure to file objections within the specified time may result in

7     waiver of his rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing

8     *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

9

10    Dated:     February 8, 2024

11                                                       HELENA M. BARCH-KUCHTA
                                                         UNITED STATES MAGISTRATE JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28